# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
### PANAMA CITY _____ DIVISION

SECOND AMENDED
## CIVIL RIGHTS COMPLAINT FORM
### TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

SECOND AMENDED

_____ JEFFREY S MORRILL _____ ,

Inmate # **Q11016** .

(Enter full name of Plaintiff)

vs.

HOLMES COUNTY, FL. ,

DOCTOR'S MEMORIAL HOSPITAL,

TIM BROWN, SHERIFF ,

LYNN LEE, JAIL ADMINISTRATOR,

RAINA BROWN, RN ,

_____ .

(Enter name and title of each Defendant.
If additional space is required, use the
blank area below and directly to the right.)

CASE NO:  5:15-cv-00324-MP-GRJ
(To be assigned by Clerk)

### ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

FILED 4/18/2016

I.    **PLAINTIFF:**

State your <u>full name</u>, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff:     *JEFFREY S. MORRILL*
Inmate Number       *Q11016*
Prison or Jail:         *SUWANNEE C.I.*
Mailing address:    *5964 U.S. HWY. 90*
                             *Live oak, FL. 32060*

II.   **DEFENDANT(S):**

State the <u>name</u> of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for **every** Defendant:

(1)   Defendant's name:   *COUNTY OF HOLMES, FLORIDA,*
      Official position:     *N/A*
      Employed at:          *N/A*
      Mailing address:     *N/A*

(2)   Defendant's name:   *DOCTOR'S MEMORIAL HOSPITAL*
      Official position:     *Jail's medical care provider*
      Employed at:          *Holmes county Jail*
      Mailing address:     *??*
                                  *Bonifay, FL. 32425*

(3)   Defendant's name:   *TIM BROWN*
      Official position:     *SHERIFF*
      Employed at:          *HOLMES CO. SHERIFF'S OFFICE*
      Mailing address:     *211 N. Oklahoma Street*
                                  *Bonifay, FL. 32425*


**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

(4) Defendant's Name: LYNN LEE
   Official Position: Jail ADMINISTRAER
   Employed at : HOLMES CO. Jail
   Mailing address : 3207 Lonney Lindsey DR.
                     Bonifay, FL, 32425

(5) Defendant's name : RAINA BROWN
   Official Position : Jail's Nurse/RN
   Employed at : Holmes co. Jail
   Mailing address : 3207 Lonney lindsey DR.
                     Bonifay, FL. 32425

3.

III.   **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

**Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.**

IV.   **PREVIOUS LAWSUITS**

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A.   Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
Yes(  )                    No(✓)

   1.   Parties to previous action:
      (a)   Plaintiff(s): _____

      (b)   Defendant(s): _____

   2.   Name of judge: _____      Case #: _____

   3.   County and judicial circuit: _____

   4.   Approximate filing date: _____

   5.   If not still pending, date of dismissal: _____

   6.   Reason for dismissal: _____

   7.   Facts and claims of case: _____

      _____

**(Attach additional pages as necessary to list state court cases.)**

B.   Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

Yes(  )                    No(✓)

   1.   Parties to previous action:
      a.   Plaintiff(s): _____

      b.   Defendant(s): _____

   2.   District and judicial division: _____

   3.   Name of judge: _____      Case #: _____

   4.   Approximate filing date: _____

   5.   If not still pending, date of dismissal: _____

   6.   Reason for dismissal: _____

7.    Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list other federal court cases.)**

C.    Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes(   )                          No(✓)

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1.    Parties to previous action:
       a.    Plaintiff(s): _____
       b.    Defendant(s): _____
2.    District and judicial division: _____
3.    Name of judge: _____    Case #: _____
4.    Approximate filing date: _____
5.    If not still pending, date of dismissal: _____
6.    Reason for dismissal: _____
7.    Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list cases.)**

D.    Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes(   )                          No(✓)

1.    Parties to previous action:
       a.    Plaintiff(s): _____
       b.    Defendant(s): _____
2.    District and judicial division: _____
3.    Name of judge: _____    Case Docket # _____
4.    Approximate filing date: _____    Dismissal date: _____
5.    Reason for dismissal: _____

*5*

6.     Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list cases.)**

## V.     STATEMENT OF FACTS:

State briefly the FACTS of this case.  Describe how <u>each</u> Defendant was involved and what each person did or did not do which gives rise to your claim.  In describing what happened, state the names of persons involved, dates, and places.  <u>Do not make any legal arguments or cite to any cases or statutes.</u>  You must set forth separate factual allegations in separately numbered paragraphs.  You may make copies of this page if necessary to supply all the facts.  Barring extraordinary circumstances, no more than five (5) additional pages should be attached.  **(If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)**

1. This is a civil rights action filed by Jeffrey S. Morrill, a state prisoner, for damages under 42 U.S.C. § 1983, alleging denial of medical care, basic human needs, and Procedural Due Process in violation of the Eighth and/or Fourteenth Amendment to the united States Constitution. The plaintiff also alleges the torts of negligence, medical malpractice, and intentional infliction of emotional distress.

2. The court has jurisdiction over Plaintiff's claims of violation of federal constitutional rights under 42 U.S.C. §§ 1331(1) and 1343.

3. The court has supplemental jurisdiction over Plaintiff's state law tort claims under 28 U.S.C. § 1367.

4. The Plaintiff, Jeffrey S. Morrill, was a pretrial detainee and later was a post-trial detainee during the course of events described in this complaint.

5. Defendant Holmes County, Florida, is responsible for any Policies, Customs, Regulations, or ordinances of its member parts which when applied deprive a person of a constitutional Right such as adequate medical care for detainees and Due process of law. It is sued in its individual capacity through Defendant Tim Browns' official capacity as sheriff of Holmes county because he is the Final policy maker for the policies of the Holmes county Jail.

6. Defendant Doctor's Memorial Hospital is the Holmes County Jail's medical provider providing medical services to the Jail inmates on a regular basis through either formal contract or through informal custom or policy. They are therefore employed, officially or unofficially, through custom or formal agreement by the County Jail and they are responsible for policies, procedures, customs and staff to ensure appropriate and adequate medical care is provided to their patients. They are sued in their individual capacity.

7. Defendant Tim Brown is the sheriff of Holmes County, FL. and is responsible for the policies, procedures, customs, and staffing of the Holmes County Jail. He is the Jail's final policy maker. He is sued in his individual capacity.

8. Defendant Lynn Lee is Leutenent at the Holmes County Jail and is responsible for the policies, procedures, customs, and staff of the Holmes County Jail. She is the Jails Administrator. She is sued in her individual capacity.

9. Defendant Raina Brown is a Registered Nurse employed part-time at the Holmes County Jail and is the only in-house medical personnel employed by the Holmes County Jail. She is responsible for ensuring inmates medical needs are met by herself or by outside medical care providers. She is sued in her individual capacity.

10. All of the defendants have acted, and continue to act, under color of state law at all times relevant to this complaint.

11. On October 16, 2013, Plaintiff was booked into the Holmes County Jail and was placed into a suicide watch cell due to the arresting officer's belief that Plaintiff was suicidal and would be also having drug withdrawls.

12. After about one week Plaintiff was released into Jail's open population area without ever having been evaluated and treated by any qualified medical personnel in regards to severe

depression or the painful withdrawls from Plaintiff's addiction to Methamphetamines.

13. Plaintiff obtained a bond and was released, but, was again in the Jail's custody on January 15, 2014.

14. On June 11, 2014, upon return from a stressful court event, Plaintiff sought help for his stress anxiety and severe depression from Defendant Raina Brown, the Jails part-time nurse and only in-house medical care provider.

15. Plaintiff informed Mrs. Brown of his depression, loss of his only daughter and requested he be allowed to speak with a Mental health proffessional to obtain help and Medications.

16. Defendant Raina Brown informed Plaintiff that it is the policy of the Jail to not provide Medications to inmates unless the person had been receiving the medications at the time of arrest via prior valid perscription. She said that other county Jails had started the policy and Holmes county had adopted it due to "people come to Jail and then try to get on Medications which they don't need. This policy is to stop that because it is expensive."

17. She said she could, however, give me viserill pills and that she would schedule an appointment with a qualified Mental health care provider.

18. She did not schedule an appointment however.

19. The Holmes County Jail has no in-house psychiatric staff and Defendant Raina Brown is only at the Jail two or three days per week and then usually she is only there for a Few hours (which she spends most of on her phone with her "office" door shut as far as I could tell).

20. I was not able to obtain Mental health care which would have been avalible to Me had I not been in Jail.

21. That night I attempted suicide by using a razor blade to cut along a vein in my left arm and tring to conceal the blood by letting it Flow into a sink, but, it clogged the sink so I hid under My covers, I was in severe pain and had severe stomach cramps and diarreha. I through up several times. Then I couldn't move and was Freezing cold.

22. There was no Medical staff on duty at the time and only two officers in the Jail, one in booking where I was in a cell, and one in the back watching the A through H Pods.

23. The guard up Front with Me at the time, Mr. Brown, found Me on the cell Floor and called an ambulance, I was brought to Defendant Doctor's Memorial Hospital in Bonifay, Florida and received stitches and a blood transfusion.

24. Defendant Doctor's Memorial Hospital employees were informed that Plaintiff's injuries were self inflicted in a suicide attempt. This Fact was plainly obvious as well. However, No qualified staff was provided to evaluate and treat my severe depression, No refferal to a qualified Mental health care provider was given Me,

9

and no instructions were given the Jail requiring they provide qualified Mental health care evaluation and treatment to me.

25. Employees of Doctor's Memorial Hospital Knew that the Jail where I was being detained had no mental health staff nor any 24/7 medical personnel on staff to care for me.

26. Defendant Doctor's Memorial Hospital's policies and procedures should have ensured provision of qualified Mental health care for evaluation and treatment, a referral, or instruction for such care to be provided to me because it was clear I was suicidal and that suicide is a clear risk to my health and is a serious medical condition.

27. Defendants Tim Brown and Lynn Lee were made aware of my suicide attempt. Lynn Lee came to the hospital and an incident report and pictures of the bloody cell were taken.

28. I was returned to the Jail within hours and placed into a suicide watch cell at the Jail

29. Defendants Tim Brown, Lynn lee, Doctor's Memorial Hospital, and Raina Brown were well aware of the high risk of harm to health and safety that suicidal patients present to themselves and others if not properly treated (There has been at least one successful suicide at the Jail while the inmate was in a suicide watch cell). Defendants intentionally ignored this risk and refused to obtain the obviously necessary mental health care to me instead chosing to save money by simply locking me into a cell and watching me deteriorate.

30. The denial of necessary mental health care to me did not accomplish any legitimate goal or purpose and constitutes deliberate indifference to my serious and obvious medical needs.

31. Defendants Tim Brown, Lynn Lee, and Raina Brown knew Defendant Raina Brown was not a qualified, licensed mental health care provider and that she was not under the close supervision of a qualified mental health provider. Neither was she nor any one qualified at the Jail for days in a row.

32. Knowing the serious risks a suicidal person presents to himself and to others Defendants Raina Brown and Lynn Lee released me from the suicide watch cell after only around one week with out having me evaluated by a qualified mental health care provider first. Thus endangering myself and others.

33. On June 30, 2014, after having lost at trial on the 25TH, I again attempted suicide by using glass I broke to cut my wrists and neck which caused severe pain and left scars.

34. Again no medical staff was on duty at the Jail, and only two officers were present at the time I attempted suicide.

35. I was checked by someone at the Jail for seriousness of my wounds, then, after a while, I was brought to Defendant Doctor's Memorial Hospital, via Jail van, and my wounds were glued together and taped. One was over 2 inches long.

11

36. Defendant Doctor's Memorial Hospital's employees removed the stitches from my previous attempted suicide wound and treated my new wounds which they were informed were self inflicted.

37. Again, no qualified staff was provided to evaluate and treat my severe depression, no referral to a qualified mental health care provider was given, and no instruction was given to the Jail to provide such mental health care. They were still aware that the Jail did not provide 24/7 medical care.

38. Defendant Doctor's Memorial Hospital's inaction on these two occasions shows a custom or policy of inaction to my obvious and serious medical needs and is deliberate indifference.

39. Defendant Doctor's Memorial Hospital is employed by the Holmes County Jail. The Jail has no real medical facilities or staff and relies instead upon a part-time nurse and outside medical service providers for medical care of detainees. Although not in-house Defendant Doctor's Memorial Hospital is employed by the Jail, through a formal contract or through an informal custom or policy, to provide medical care to detainees on a regular basis.

40. Defendant Doctor's Memorial Hospital discharged me to the Jail again within hours of my suicide attempt while knowing the Jail did not provide 24/7 medical care.

41. I was again placed into a suicide watch cell.

12

42. Again, Defendants Tim Brown, Lynn Lee, Doctor's Memorial Hospital, and Raina Brown were fully aware of my serious medical needs, knew they were not qualified or did not have qualified licensed personnel and deliberately chose to not provide me with access to qualified outside mental health care which resulted in physical and emotional injuries to me.

43. Again, Denial of Medical care to me did not accomplish any legitimate goal or purpose. Mental health care proffessionals were regularly allowed into the Jail to speak with inmates who had been receiving mental health care previous to arrest, and possibly others. Also, a psychologist held regular anger management class at the Jail for inmates yet I was not allowed to speak with them.

44. From June 30, 2014, until I was transported to prison on July 24, 2014, I was denied access to showers, tooth brushing, soap, cell sanitation, and stationary to write letters, or grievances.

45. I was also placed on "punishment loaf" (a horrible tasting blend of foods baked solid and used as punishment) by Defendant Lynn Lee for all meals from June 30, 2014, untill I was brought to prison on July 24, 2014.

46. No Disciplinary review hearing was held in regards to imposition of the "punishment loaf" nor the denial of the basic human needs and stationary.

13

47. I was not informed of why or how long I was to be punished and was not given any opportunity to call witnesses or present evidence in my defense.

48. Defendants Tim Brown and lynn lee are responsible for providing and enforcing policies and procedures to ensure inmates at the Holmes county Jail are afforded procedural Due process of law before an inmate can be punished.

49. On July 16, 2014, I was sentenced to prison.

50. I attempted suicide againg by hanging using my bandages but my "rope" broke and no officials knew it or noticed the bruise around my neck.

51. Inmates who were in another cell, Shannon Harris and Melinda Griggs, knew of this attempt;

52. On July 23, 2014, I escaped and was apprehended in nearby woods naked and full of thornes, cuts, bruises, bites, and covered in mud.

53. I attempted "suicide by cop" hoping to be shot but they didn't.

54. I was returned to the Jail in obvious pain, limping, and in need of medical attention but even though Defendants Tim Brown and Lynn lee were present, and could see my wounds and pain and obvious need For Medical care, they Failed to ensure provision of any medical care or evaluation,

14

55. There was another inmate, David Ian challender, who likewise received no medical attention or examination upon his capture that day.

56. Both Me and Mr. Challender were placed into cells with no Mattress, beding, clothing, or toilet paper. It was very cold and sleep was not possible due to the cold, lights and pain from our injuries.

57. We were both Fed "punishment loaf" and Again there was no disiplinary hearing before our clothing, bedding and property was taken.

58. I have never seen anyone at the Holmes county Jail ever receive any disiplinary hearing before being punished.

59. On July 24, 2014, I was transported to prison.

60. Suicide watch cell is no different than solitary confinement except in solitary confinement you get your property, writting materials and Bible and on suicidewatch you don't.

61. Defendant Raina Browns idea of "adequate" Medical care to Mentally ill suicidal persons was to simply lock them into the suicide cell which deprived me of contact with my family and was Making me worse not better. It amounted to punishing me for being depressed.

15

62. Once in prison I was found to be suicidal and also having ADHD and PTSD. I was placed into a suicide prevention program.

63. I was evaluated and treated by qualified personnel and after eight months I was released from the program on April 9, 2015.

64. The policy of custom of not providing medical care to people who were not receiving said care upon arrest fails to take into account the obvious fact that some people will arrive at the jail with the need for mental health care which they were not receiving prior to their arrest.

65. The jail policy of not providing medically necessary care to people who were not receiving that care prior to arrest in order to save money is not a legitimate goal or purpose and it resulted in physical and emotional harm to me.

66. Had qualified mental health care been provided to me at the Holmes County Jail I would not have attempted suicide or would not have attempted suicide so many times and would not have received as much physical and emotional damages.

67. My hand was also injured and I therefore have a very hard time writing this as it causes severe pain to write for long, Also my access to law material is severely limited and I am a lay person with no help so I've just now discovered that there is a requirement for me to serve notice of my intent to initiate suite on Defendants. I will be filing it soon.

16

## VI. STATEMENT OF CLAIMS:

**68.** Defendant Holmes County, Florida, maintained policies and customs adopted and promulgated by Defendant Tim Brown, through his official capacity as sheriff and final policy maker for the Holmes county Jail, which did not serve any legitimate goal or purpose and which resulted in severe and painful physical and emotional injuries, on multiple occasions, to me. Specifically, the policy or custom of not providing mental health care to inmates who were not already receiving such care prior to arrest and detention, which was implemented to save money and did not include any exception which would allow care to be provided to detainees who some of which will invariably arrive at the Jail in need of mental health care. This policy or custom is evidenced by the fact the Jail employs only a part time nurse in-house and no mental health personnel and the fact that it was plainly obvious I was suicidal and that suicide presents serious risk to health and safety and is a serious medical need, yet, no mental health care or even evaluation was allowed to me. I was simply locked in a cell with nothing and no way to communicate with the outside. Defendant Raina Brown, who is not a licensed mental health provider and who was not being supervised by a licensed mental health Doctor, was allowed to determine if I was mentally fit to be released from the suicide cell. This was all known to the final policy maker and accepted and is therefore a custom or policy of Holmes county, Florida. This custom or policy is gross negligence amounting to deliberate indifference to my serious medical needs and resulted in severe and painful physical and emotional injuries to me in violation of the Eighth and/or Fourteenth Amendment to the United States constitution.

**69.** The claim described above, in number 68, is herein restated and also constitutes the torts of negligence and intentional infliction of emotional distress under the laws of Florida.

17

70. Defendant Holmes County, Florida, maintained policies and customs adopted by and promulgated by Defendants Tim Brown and Lynn Lee, through Mr. Browns official capacity as sheriff and final policy maker for the Holmes County Jail, which did not serve any legitimate goal or purpose and which resulted in severe emotional distress to me. Specifically, the policy or custom of not providing procedural Due Process to detainees in the Jail. This policy is evidenced by the fact that no disciplinary review hearings are held, in which an accused can present evidence and/or witnesses on his or her behalf, prior to punishment. I was placed on "punishment loaf" without any reason given and with no end date assigned as well as deprived of basic human needs of cell sanitation, tooth brushing, showers, heat, clothing and bedding all with no disciplinary review hearing held. Most of these deprivations went on for weeks until I was removed from the Jail. This has long been the way things are done at this Jail and is known by both Defendants Tim Brown and Lynn Lee the final policy makers of the Jail and is therefore a custom or policy adopted by Holmes County, Florida. This custom or policy is gross negligence amounting to deliberate indifference to my, and others, Right to Due Process of law and results in emotional injuries to me and others in violation of the Eighth and/or Fourteenth Amendment to the United States Constitution.

71. The claim above described, in number 70, is herein restated and also constitutes the torts of negligence and intentional infliction of emotional distress under the laws of Florida.

72. Defendant Doctor's Memorial Hospital is employed on a regular basis, by the Holmes County Jail to provide some care to detainees.

This is done because the Jail has only one part-time nurse employed in-house and the **Defendant** Doctor's Memorial Hospital is only a mile away from the Jail. The care provided to the Jail's detainees is either a formal contract to provide Medical care or it is an accepted custom or policy of which the Defendant is a party and aware of their employement by the Jail. I was brought to the Defendant on two seperate occasions, once for emergency care and once for Minor care to treat some cuts. Both times I had attempted suicide and both times the Defendant failed to provide qualified Mental health care evaluation and treatment. No referral was made and no instructions were given to the Jail telling them to schedule such evaluation and care. On both occasions Defendant released me back into the custody of the Jail within hours of my attempted suicide while knowing that the Jail only employed one part-time nurse and had no 24/7 Medical or Mental health staff. As a result of Defendants inaction I attempted suicide again and was not given any Mental health care-treatment. This resulted in severe physical and emotional pain and injuries to me in Violation of the Eighth and/or Fourteenth Amendment to the United States Constitution.

73. The claim described above, in number 72, is herein restated and also constitutes the torts of negligence and medical malpractice under the laws of Florida.

74. Defendants Tim Brown and Lynn Lee denied medical care to me on July 23, 2014. Upon my apprehension from the woods I was limping and in obvious pain. I was full of thornes, scratches, bruises, and insect bites covered in dirt. It was obvious I was in pain and I was naked so my injuries were plainly visible. Upon my return to the Jail I was shackled with handcuffs behind my back, while naked, and

forced to limp around the Jail outside for around 30 minutes before I was brought inside and put into a cell naked and left with no Medical evaluation or care until over 24 hours later when I was placed into Florida D.O.C. custody. Defendants Tim Brown and Lynn Lee were physically present and observed my injuries and failed to ensure access to Medical care be provided to me. This is deliberate indifference to my obvious Medical needs and suffering and not providing me with medical care did not accomplish any legitimate goal or purpose. I was left over 24 hours naked in a cell with my dirt covered injuries in the freezing Airconditioning with no bed or bedding. This constitutes violation of the Eighth and/or Fourteenth amendment to the united States constitution.

75. The claim described above, in number 74, is herein restated and also constitutes the torts of negligence and intentional infliction of emotional distress under the laws of Florida.

76. Defendants Tim Brown and Lynn Lee are responsible over the detainees at the Holmes county Jail and Failed to provide disciplinary review hearings, prior to punishment of inmates. Failure to provide such review prior to punishing a detainee Violates procedural Due process. I was placed on "punishment loaf" for weeks and deprived of basic human needs of cell sanitation, showers, tooth brushings, heat, clothing, bedding, and communication with Family all with out the benifit of any disciplinary review hearing in which to present evidence or witnesses in my Favor in violation of the Eighth and/or Fourteenth Amendment to the united States constitution.

77. The claim described above, in number 76, is herein restated and also constitutes the torts of negligence and intentional infliction of emotional distress under the laws of Florida.

20

78. Defendants Tim Brown and Lynn Lee are responsible over the medical needs of detainees in the Holmes county Jail and held a policy or custom of not providing medical care to a person if that person had not been receiving treatment for that problem prior to their arrest. Furthermore, they knew and accepted that the Jail only employed one part-time nurse and that nurse was not licensed or qualified to evaluate and treat mental illnesses nor was she under the direct supervision of a licensed Doctor in the area of mental health care. With the knowledge of the inadequate staff qualifications the Defendants allowed the unqualified part-time nurse to make evaluations and determine if detainees were mentally capable of being released from suicide watch without harm coming to them. It was plainly obvious that I was suicidal and that suicide is a serious risk to health and is a serious medical need for treatment by a qualified, licensed proffessional, yet, I was not given access to such mental health care and was released from suicide watch by the Jail nurse and this resulted in severe physical and emotional injuries to me. The Defendants knew of the risk of harm but to save money would not permit me access to needed care. This constitutes deliberate indifference to my serious medical need and resulted in severe injuries physically and emotionally to me in violation of the Eighth and/or Fourteenth Amendment to the united states constitution.

79. The claim described above, in number 78, is herein restated and also constitutes the tort of negligence and intentional infliction of emotional distress under the laws of Florida.

80. Defendant Raina Brown was the nurse and "gate keeper" at the Holmes county Jail and was not a licensed mental health care

21

provider and was not under the direct supervision of a licensed Mental health Doctor. Defendant Raina Brown knew I was suicidal and repeatedly chose to not schedule me any appointment with a Mental health care provider for evaluation and treatment, She knew suicidal people are a serious risk to their health and it is a serious Medical need of treatment, yet, she chose to merely lock me into a cell with nothing and no contact with Family instead of getting me access to needed care. She also released me from the suicide watch cell several times with out knowing if I was still suicidal or not. This resulted in severe physical and emotional injuries to me. This constitutes deliberate indifference to my serious medical need in violation of the Eighth and/or Fourteenth amendment to the united States constitution.

81. The claim described above, in number 80, is herein restated and also constitutes the torts of negligence and Medical malpractice under the laws of Florida.

VII. RELIEF REQUESTED:

WHEREFORE, Plaintiff requests that the court grant the Following relief:

A. Issue a decktory Judgement stating that:

1. Defendant Holmes county held policies, procedures and/or customs which resulted in physical and emotional injuries to Plaintiff and violated the plaintiffs rights under the Eighth and/or Fourteenth amendment to the united states constitution and constitutes negligence and intentional infliction of emotional distress under state law.

22

2. the failure of Defendant Doctor's Memorial Hospital to provide any mental health care, referral for treatment, or instruction to the Jail to provide such care resulted in physical and emotional injuries to plaintiff and violated the Plaintiff's rights under the Eighth and/or Fourteenth Amendment to the constitution and constitutes negligence and medical malpractice under state law.

3. the failure of Defendant's Tim Brown and Lynn Lee to place an exception in the Jail policy allowing Plaintiff access to mental health care resulted in physical and emotional injuries to plaintiff and violated plaintiff's rights under the Eighth and/or Fourteenth Amendment to the united states constitution and constitutes negligence and intentional infliction of emotional distress under state law.

4. the failure of Defendants Tim Brown and Lynn Lee to obtain medical care for Plaintiff on July 23, 2014, for his injuries resulted in severe pain and suffering and violated the Plaintiff's rights under the Eighth and/or Fourteenth Amendment to the united states constitution and constituted negligence and intentional infliction of emotional distress under state law.

5. the actions of Defendant Lynn Lee in placing Plaintiff on "punishment loaf" and continuous denial of basic human needs without prior disciplinary review hearing violated Plaintiff's rights to Due Process and caused suffering and emotional injury to plaintiff in violation of the Eighth and/or Fourteenth Amendment to the united states constitution and constitutes negligence and intentional infliction of emotional distress under state law.

23

B. Award compensatory damages in the following amounts:

1. $3,000,000 against Defendant Holmes County, Florida, for its policies and customs which resulted in physical and emotional injury to plaintiff.

2. $3,000,000 against Defendant Doctor's Memorial Hospital for physical and emotional injuries resulting from inadequate medical care provided to plaintiff.

3. $1,500,000 against Defendant Tim Brown for his inaction, and policies, procedures, and/or customs which resulted in physical and emotional injuries to plaintiff.

4. $750,000 against Defendant Lynn Lee for her inaction, actions, policies, procedures and/or customs which resulted in physical and emotional injuries to plaintiff.

5. $500,000 against Defendant Raina Brown for her inaction, actions and lack of medical care to plaintiff which resulted in physical and emotional injuries to plaintiff.

C. Award punitive damages in the following amounts:

1. $15,000,000 each against Defendants Holmes County and Doctor's Memorial Hospital.

2. $2,500,000 jointly and severally against Defendants Tim Brown and Lynn Lee.

3. $100,000 against Defendant Raina Brown.

D. Grant the following:

   1. Plaintiff also seeks a Jury trial on all issues triable by Jury.

   2. Plaintiff also seeks recovery of the costs in this suit.

   E. Grant other relief as it May appear that Plaintiff is entitled.

   Dated 13TH day of April, 2016.

   Respectfully submitted,
   Jeffrey s. Morrill #Q11016
   Suwannee C.I.
   5964 U.S. Hwy. 90
   Liveoak, FL. 32060

   I Declare under penalty of perjury that the foregoing statements of fact are true and correct.

   Dated 13TH day of April, 2016, /s/ Jeffrey S. Morrill
                                         Jeffrey S. Morrill

   I Declare under penalty of perjury that this complaint was delivered into the hands of Suwannee C.I. officials for Mailing on the 13TH day of April, 2016.

                    /s/ Jeffrey S. Morrill
                    Jeffrey s. Morrill #Q11016.

25

RE: 5:15-cv-324-MP-GRJ

Dear Clerk of the Court,                          April 12,2016

   Enclosed is six copies of my 2nd Amendment to my complaint as ordered I submit to this court. one for the court and five for the Defendants in the suit.

   I am having problems obtaining information and required forms from my institutions law library. Can you please provide me with any rules, blank forms, etc. which are required to file presuit notice of intent to initiate suite. The suit contains elements of both medical negligence and violations of procedural due process. Though I've diligently sought the required information and forms required, I have been unable to obtain such. My circumstances are greatly restrictive.

                          Respectfully,
                          /s/ Jeffry Morrill
                          Jeffrey S. Morrill #Q11016
                          Suwannee C.I.
                          5964 U.S. Hwy 90
                          Liveoak, FL. 32060

Rec'd 0418'16 USDc Fln1AM1126    KM

U.S. POSTAGE PITNEY BOWES

$ 006.80°
ZIP 32060
02 1W
0001334617 APR 13 2016

Mailed From State
Correctional
Institution
Suwannee C.I.

JEFFREY MORRILL #Q110 16
SUWANNEE CORRECTIONAL INSTITUTION
5964 U.S. HWY 90
LiveOak, FL. 32060

UNITED STATES DISTRICT COURT
N. DIST. OF FL. OFFICE OF THE CLERK
401 S.E. 1ST AVENUE, SUITE 243
GAINESVILLE, FL. 32601-6805