**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

JEFFREY S MORRILL,

    Plaintiff,

v.                                      CASE NO. 5:15-cv-00324-WTH-GRJ

HOLMES COUNTY, FLORIDA, et al.,

    Defendants.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation. (ECF No. 98). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). The County has filed objections at ECF No. 101, but plaintiff did not file objections. I have made a de novo review based on the County's objections.

Having considered the Report and Recommendation, and the timely filed objections, I have determined that the Report and Recommendation should be adopted. The Court agrees with the Magistrate Judge that plaintiff failed to allege and offer evidence that he filed the pre-suit notices required under Florida law on his state-law claims. Thus, they are due to be dismissed. Second, the Court agrees that defendant's argument that the county does not control the day-to-day operations of the jail is not sufficient to force the conclusion that the Sheriff is not acting on behalf of, and cannot bind, the county. The Court is persuaded by the opinion of its sister court in *Parilla v. Eslinger*, No. 6:05-CV-850-ORL, 2005 WL 3288760, at *9 (M.D. Fla. Dec. 5, 2005), that "where a governmental entity delegates the final authority to make decisions,

then those decisions necessarily represent official policy….Such a delegation, rather than respondeat superior, is the basis for the Plaintiff's claims against the County." Id. at *8.  *Parilla* also pointed out that Fla. Stat. § 951.061 supports the conclusion that the running of a jail is an intrinsic county responsibility that the county can designate to the sheriff.  That statute provides that "[u]pon adoption of an ordinance by a majority of the county commission, the sheriff may be designated the chief correctional officer of the county correctional system, and the sheriff shall appoint such officers as he or she deems necessary."  The statute speaks of the "county correctional system," implying that the county is responsible for the correctional system, including the jail.  Also, consideration of the negative of the statute - what happens if the county does not designate the sheriff as chief correctional officer  - leaves one with the conclusion that the county would then have to be responsible for the jail.  This tends to show that running a county jail, including the provision of mental healthcare, is an intrinsic county function.  Delegating the policymaking for jail operations to the sheriff does not absolve the county of liability under *Monell* but instead makes the sheriff the final policymaker for the jail on behalf of the county.  Stated another way, while the sheriff is a constitutional law enforcement officer under Florida law, this does not mean that he is therefore responsible in that capacity for the county jail.  Operation of the jail, under Florida law, is a responsibility of the county, and when that responsibility is delegated to the sheriff, he is acting for the county albeit as an independent constitutional officer when discharing his other law enforcement responsibilities.

      In its objections, the county doubles down on its argument that the county has no control over the sheriff when he runs the jail and therefore cannot be bound by his actions.  As noted above, that argument is not enough to end the *Monell* inquiry.  The county also argues that plaintiff failed to inform the staff of his need for mental health treatment and failed to allege the

existence of any policy of not providing mental health treatment. As an initial matter, plaintiff alleges that the staff's knowledge of his suicide attempts was enough to put them on notice of his need for mental health treatment. A specific request for mental health treatment was not necessary, according to plaintiff's allegations. More importantly, though, the county did not raise these arguments in its motion to dismiss. Instead, the county stated in its motion that with regard to the deliberate indifference claim, "[t]he basis for this motion is that Holmes County does not operate, run or manage the jail in question; the Sheriff and/or his designees do so, and the Sheriff is a separate constitutional officer of the State." ECF No. 39. Raising these arguments for the first time in objections to the Report and Recommendation is not proper.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation, ECF No. 98, is adopted and incorporated by reference in this order.

2. The motion to dismiss at ECF No. 39, construed as a motion for summary judgment, is granted with regard to plaintiff's state law claims but denied in all other respects. The Clerk should not enter judgment at this time, and this case is remanded to the Magistrate Judge.

**DONE AND ORDERED** this _11th_ day of December, 2017

_____
UNITED STATES DISTRICT JUDGE